UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SARAMMA GEORGE,

                        Plaintiff,

              -against-                               **REPORT AND**
                                                                           **RECOMMENDATION**
N.Y.C. HEALTH & HOSPITALS
CORPORATION AND COLER-GOLDWATER          09-CV-3833 (ENV) (JMA)
HOSPITAL & NURSING FACILITY,

                        Defendants.
------------------------------------------------------------------X

A P P E A R A N C E S:

Saramma George
25-38 83rd Street
Jackson Heights, NY 11370
    *Pro se*

**AZRACK**, **United States Magistrate Judge:**

       Pro se plaintiff Saramma George ("plaintiff") filed this complaint against N.Y.C. Health & Hospitals Corporation ("HHC") and Coler-Goldwater Hospital & Nursing Facility ("Coler-Goldwater") alleging employment discrimination based on disability on September 3, 2009. Coler-Goldwater was properly served with the complaint on September 17, 2009. See Letter/ Aff. of Service, ECF No. 7. Coler-Goldwater failed to answer or otherwise appear prior to the expiration of its time to do so. Accordingly, the plaintiff was advised of her right to move for default judgment against Coler-Goldwater. Order dated Aug. 13, 2010, ECF No. 8. Plaintiff has not yet so moved.

       The Court's records do not reflect that plaintiff has filed proof that HHC has been properly served with the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides:

1

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

By order dated August 13, 2010, I granted plaintiff a final forty-five (45) day extension, until September 26, 2010, to serve and file proof of service upon HHC. I informed plaintiff that if she failed to file proof of service by that date, I would recommend to the District Judge that her case against HHC be dismissed, without prejudice, for failure to prosecute pursuant to Rule 4(m). Plaintiff has since failed to file proof of service or show good cause why service has not been made upon defendant HHC. Accordingly, it is respectfully recommended that plaintiff's complaint against HHC should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: March 1, 2011
      Brooklyn, New York

                                                /s/
                                        JOAN M. AZRACK
                                        UNITED STATES MAGISTRATE JUDGE