UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SARAMMA GEORGE,

                      Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION & COLER-GOLDWATER
HOSPITAL AND NURSING FACILITY,

                      Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 08 2011
BROOKLYN OFFICE

**ORDER**

09-cv-3833 (ENV) (JMA)

**VITALIANO, D.J.**

    Plaintiff Saramma George brings this action pro se under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, against her former employer, New York City Health and Hospitals Corporation ("HHC"), and the HHC facility at which she was employed, Coler-Goldwater Hospital and Nursing Facility. Defendants now move to dismiss the complaint, among other grounds, pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.[1]

    On March 25, 2011, this Court adopted a Report and Recommendation of Magistrate Judge Joan M. Azrack, which recommended the dismissal of plaintiff's complaint as to HHC without prejudice for failure to properly serve that defendant. The recommended dismissal was entered on March 28, 2011. On April 11, 2011, plaintiff filed returns of service with the Court containing sworn statements by a licensed process server that the summons and complaint had been served on HHC on September 20, 2010 and October 5, 2010.

---

[1] Defendants also move to dismiss under Rule 12(b)(2) for want of personal jurisdiction, Rule 12(b)(4) for insufficient process, and Rule 12(b)(6) for failure to state a claim. These arguments are held in abeyance pending the resolution of the issues arising from purported service on HHC.

1

As plaintiff is pro se, the Court must construe her pleadings liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007), to "raise the strongest arguments they suggest," Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007). As a result, the Court construes plaintiff's April 11, 2011 filing as a motion to reconsider the Court's order dismissing HHC from the case. Defendants' original motion papers, however, raise questions as to the factual basis underlying plaintiff's motion for reconsideration. Therefore, the parties are ordered to appear on **Monday, November 21, 2011 at 11 A.M. in Courtroom 4C** for a traverse hearing at which time the Court will hear evidence regarding the sufficiency of plaintiff's purported service of process on HHC. See Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc., 301 F.3d 54, 57-58 (2d Cir. 2002). Plaintiff will procure the attendance, at the hearing, of plaintiff's process server and his records.[2] Defendants will produce an appropriate custodian of records from HHC and any other witness necessary to establish their claims of process insufficiency.

**SO ORDERED**

Dated: Brooklyn, New York
November 4, 2011

ERIC N. VITALIANO
United States District Judge

---

[2] Plaintiff's submissions identify the server as Mr. Juan Pereira (NYC DCA 0862954) of NY Server LLC.