UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

SARAMMA GEORGE,

                            Plaintiff,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION & COLER-GOLDWATER
HOSPITAL AND NURSING FACILITY,

                         Defendants.

--------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 2 9 2012 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

09-cv-3833 (ENV) (JMA)

**VITALIANO, D.J.**

Plaintiff Saramma George brings this action pro se under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), against her former employer, New York City Health and Hospitals Corporation ("HHC"), and the HHC facility at which she was employed, Coler-Goldwater Hospital and Nursing Facility ("Coler-Goldwater" or "hospital").[1] Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion is granted.

I.     **BACKGROUND**

The following facts relating to the substance of George's claims are drawn from her complaint. All reasonable inferences are construed in her favor. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2008).

---

[1] Rule 17(b) of the Federal Rules requires that an entity's capacity to sue or be sued be determined in accordance with "the law of the state where the court is located." Coler-Goldwater is a facility of HHC and under New York state law, unlike its parent organization, it is not amenable to suit. See Del Pozo v. Bellevue Hosp. Ctr., No. 09 Civ. 4729, 2011 WL 797464, at *8 (S.D.N.Y. March 3, 2011); Ayala v. Bellevue Hosp. Ctr., No. 94 Civ. 1551, 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999). Since the hospital is not a suable entity, plaintiff's claims against it are dismissed with prejudice.

For 34 years, plaintiff was a nurse at Coler-Goldwater, located in Queens. In the early morning hours of June 26, 2006, as she was departing the hospital at the end of her shift, plaintiff slipped and fell down a flight of stairs. Her fall left her with injuries to her back and legs. Following her doctor's orders, plaintiff never returned to work. In connection with her absence, George submitted numerous doctors' notes to the hospital's human resources department documenting her condition. Then, by letter dated December 7, 2006, the hospital terminated plaintiff's employment due to her having accumulated more than one year of absence due to work-related injuries over the course of her career with HHC.

George filed a charge of discrimination with the Equal Employment Opportunity Commission on August 25, 2007. She received a right to sue letter on June 8, 2009, and commenced this action 87 days later, on September 3, 2009.

Plaintiff remains unable to return to work. Indeed, she alleges, "To present day [sic] I am still under the treatment of my Physician, who has not cleared me to return to work."

## II.   STANDARD OF REVIEW

Though defendants also move to dismiss the complaint on substantive grounds under Rule 12(b)(6), see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Flagler v. Trainor, 663 F.3d 543, 546 n.2 (2d Cir. 2011), more fundamentally, they attack the Court's jurisdiction, which must be resolved first. They contend valid service of process is wanting. When considering such a motion challenging personal jurisdiction or service of process, see Fed. R. Civ. P. 12(b)(2) & (5), not only may a court look to matters outside the complaint, but the burden is the plaintiff's to prove both the adequacy of service and that the court has personal jurisdiction over the defendant. Mende v. Milestone Tech. Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Where factual questions arise as to the propriety of service, a traverse hearing must be held to determine if service was, in fact, proper. Old Republic Ins. Co. v. Pac. Fin. Srvcs. of Am., Inc., 301 F.3d 54, 57-58 (2d Cir. 2002).

## III.   DISCUSSION

Rule 4(c)(1) of the Federal Rules of Civil Procedure requires that a "summons be served with a copy of the complaint." Service must be made within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Defective service will justify threshold dismissal of an action, Barron v. Miami Exec. Towers Associates, 142 F.R.D. 394, 397 (S.D.N.Y. 1992), though courts have broad discretion over whether to permit a plaintiff additional time to effect proper service, Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985). There is, however, "virtual unanimity that dismissal is mandatory if a defendant is not served within [the proper 120-day] time frame unless the plaintiff can show 'good cause' or 'excusable neglect' for the delay." McKibbon v. Credit Lyonnais, No. 98 Civ. 3358, 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999) (citing Mentor Ins. Co. v. Brannkasse, 996 F.2d 506, 512 (2d Cir. 1993)).

HHC argues that service was invalid because a summons was served *without a copy of the complaint*. Though plaintiff provided a sworn affidavit of service by a licensed process server, HHC rebutted this affidavit with one of its own, which acknowledged service of a summons but denied that the complaint was served along with it. Consequently, the Court needed to, and did, hold a traverse hearing on February 29, 2012. See Old Republic, 301 F.3d at 57-58. Both sides presented evidence as to service of process, which was, pertinently, in complete harmony.[2]

Plaintiff called the process server, Juan Perreira, who testified that he received two sets of papers to be served on behalf of George from NY Server LLC, a process serving clearing house with

---

[2] Plaintiff made her evidentiary showing with the Court's assistance, in light of her pro se status. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007). In this regard, the Court is mindful that "[i]mplicit in the right to self representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "However, the Court is also mindful that such protection does not exempt a party from compliance with relevant rules of procedural and substantive law . . . and that ignorance of the law, even in the context of pro se litigants, does not constitute good cause under Rule 4(m)." Amnay v. Del Labs, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) (internal citations and quotations omitted).

which he contracts.[3] As is his general practice, Perreira served all papers forwarded to him for service. His records, received in evidence, indicate he served one set of plaintiff's papers on HHC at 125 Worth Street, in Manhattan, on September 20, 2010; these documents were stamped as received by the HHC Office of Legal Affairs on that date. The records also reflect that a second set of documents was served on October 5, 2010 at HHC's office for service at 346 Broadway, in Manhattan. Those documents also bear HHC's stamp indicating receipt. None of the documents, including the HHC receipt acknowledgments, indicates what papers, other than the summons, if any, were served by Perreira. More importantly, Perreira testified—with some hesitation—that he recalled serving only a summons, without a complaint.[4] In fact, a copy of the complaint does not appear anywhere in the file copy sent to him by NY Server LLC, which was also received in evidence.

John Blaha, an administrator in HHC's Claims Unit, who has been processing legal papers, including accepting service of process, on behalf of HHC for 29 years, testified next. Though Blaha has no recollection of receiving the process in this case, his records reflect the services made by Perreira. HHC's records, however, which include the "transmittal letter" Blaha creates pursuant to his general business practice for every set of process received, do not contain George's complaint. These records do, however, contain the summons served on September 20th as well as the one served on October 5th. In fact, on the transmittal letter created for the September 20th service, Blaha meticulously crossed-out the pre-printed language reflecting service of a "summons and complaint," and substituted "a summons."[5] Testifying as to his custom, Blaha confirmed that the HHC records in evidence reflected service of a summons without a complaint.

---

[3] Perreira is licensed by the New York City Department of Consumer Affairs as a process server.

[4] For completeness of the record, Perreira could not say that he could recall that the papers did not include a complaint. His recollection was short of that.

[5] Blaha testified that he never completed a second transmittal letter for the October 5th service because the document served was an exact duplicate of the one served on September 20th. Instead, he placed the newly served summons in the file with the original.

After careful consideration of all evidence presented on traverse, the Court finds that no complaint was ever served by plaintiff on HHC in this action as required by Rule 4(c)(1), much less in a timely fashion. Absent such service, of course, the Court does not acquire in personam jurisdiction over HHC. See Barron, 142 F.R.D. at 397. "As [plaintiff] failed to serve [HHC] with a summons and a complaint together within Rule [4(m)'s] 120-day period," the action must be dismissed. Id.

Nor is there reason, moreover, to extend, yet again, plaintiff's time to effect proper service. As an initial matter, George has failed to show either "'good cause' or 'excusable neglect' for the delay" in effecting the service required by Rule 4(m). McKibbon, 1999 WL 604883, at *2. Significantly, the two ill-fated attempts at valid service considered here were not plaintiff's first in this case. Two extension periods were granted by Magistrate Judge Joan M. Azrack on February 16, 2010 and August 13, 2010, which gave plaintiff until September 26, 2010 to cure her deficient service and to properly serve HHC. See Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990). Further solicitude is not warranted and will not be granted.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed pursuant to Rules 12(b)(2) and 12(b)(5) for failure to establish personal jurisdiction due to insufficient service of process.

The Clerk of Court is directed to enter judgment for defendants and close the case.

**SO ORDERED**

Dated: Brooklyn, New York
        March 23, 2012

/Signed by Judge Vitaliano/

ERIC N. VITALIANO
United States District Judge

5